IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAIGE CAREY<br>20 N. Bailey Rd., #72029<br>Thorndale, PA 19372<br><br>　　　　*Plaintiff*,<br>　　vs.<br><br>WEST CHESTER UNIVERSITY<br>700 South High Street<br>West Chester, PA 19383<br>　　　　*Defendant.* | No. _____<br><br>CIVIL ACTION<br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, Paige Carey, Pro Se, hereby files the following Complaint against Defendant:

### INTRODUCTION

1. Plaintiff, Paige Carey (hereinafter "Plaintiff"), initiates this action to seek redress against the Defendant for unlawful discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and other applicable law.

### JURISDICTION and VENUE

2. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

3. The Court may properly maintain personal jurisdiction over the Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over the Defendant to comply with traditional notions of fair

play and substantial justice, satisfying the standard set forth by the Supreme Court of the United States in International Shoe Co. V. Washington, 326 U.S. 310 (1945) and its progeny.

4. The United States District Court for the Eastern District of Pennsylvania may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. Sections 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights.

5. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. Sections 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction in that they form part of the same case or controversy.

6. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. Sections 1391(b)(1) and 1391(b)(2) because the Defendant is located in and conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

7. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

8. Plaintiff is an adult individual residing in Chester County, PA with the above mailing address.

9. Defendant West Chester University ("Defendant") is a public university which has a principal place of business at the above address. Defendant is a member of the Pennsylvania State System of Higher Education.

10. At all times relevant herein, each Defendant acted or failed to act through its agents, servants and employees, each of whom was in the scope of their employment at all times relevant herein.

11. Each Defendant is an "employer" within the meaning of Title VII because it is engaged in an industry affecting interstate commerce and because they maintained or maintain fifteen (15) or more employees for each working day in each of twenty (20) or more weeks in the current or preceding calendar year.

12. Defendant also maintains a sufficient number of employees to satisfy the jurisdictional prerequisites of the Pennsylvania Human Relations Act (requiring four or more employees).

## PROCEDURAL and ADMINISTRATIVE REMEDIES

13. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

14. Plaintiff has satisfied the procedural and administrative requirements for proceeding under Title VII and the Pennsylvania Human Relations Act as follows:

a) Plaintiff filed a timely written charge of discrimination against Defendant (No. 846-2020-07535) with the Equal Employment Opportunity Commission and Pennsylvania Human Relations Commission alleging discrimination;

b) The instant action is timely because it is initiated within ninety ("90") days of the receipt of a Right to Sue Notice mailed on or about July 28, 2021.

15. Plaintiff has exhausted her federal administrative remedies as to the allegations of this Complaint.

16. Plaintiff intends to seek leave to amend her complaint based upon another EEOC

charge she intends to file against the Defendant.

## FACTUAL BACKGROUND

17. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

18. Plaintiff filed the EEOC Complaint attached hereto as Exhibit "A".

19. In her Complaint, which is incorporated by reference, Plaintiff alleged that she was discriminated against on the basis of retaliation, age, disability, race, and sex.

20. The Defendant's conduct, as described in the complaint attached hereto, constitutes unlawful discrimination in violation of Title VII of the Civil Rights Act and other applicable laws.

21. Plaintiff filed an FMLA Request For Absence attached hereto as Exhibit "B".

22. In her FMLA which is incorporated by reference, Plaintiff gave Special Instructions For Using Leave.

23. Plaintiff alleged Defendant failed to replace unpaid leave with paid leave as requested.

24. The Defendant's failure to replace unpaid leave with paid leave as outlined in the Special Instructions For Using Leave constitutes unlawful FMLA violations and other applicable laws.

25. On November 18, 2019 Plaintiff received Notice from Defendant, attached hereto as Exhibit "C".

26. Plaintiff alleged Defendant did willfully move/assign Plaintiff to a position in which the Defendant knowingly was aware that the Plaintiff was never trained for and thus immediately deficient in required duties.

27. Plaintiff further alleged Defendant, in violation of Article 2 of the Collective Bargaining Agreement ("CBA"), using constructive termination knowingly placed Plaintiff in a position for which Plaintiff was deficient in order to illegally terminate Plaintiff.

28. The Defendant's conduct placing the Plaintiff in a position which Plaintiff is deficient violates Defendant's policy (Law of Defendant) stating, "It is illegal for an employee to be deficient in their duties."

29. On September 16, 2020, Defendant notified Plaintiff of her termination effective September 15, 2020, attached hereto as Exhibit "D".

30. Plaintiff alleged Defendant's termination constitutes retaliation for the above EEOC, FMLA and FLSA violations.

## COUNT I
## FLSA

31. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

32. The Defendant willfully failed to pay overtime during February 2019 in violation of the FLSA, the Plaintiff is a non-exempt employee entitled to overtime at time-and-a-half, as well as equal pay for equal work (Exhibit AII).

33. The foregoing conduct by the Defendant constitutes FLSA violations.

34. The Plaintiff claims that her complaints to her supervisors about the overtime issue is a "Protected Activity" under FLSA, id. at 5, and that her subsequent termination constitutes unlawful retaliation.

35. As a result of the Defendant's unlawful violations to the Plaintiff has suffered

damages as set forth herein.

## COUNT II
## FMLA

36. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

37. The Defendant failed to substitute unpaid leave with paid leave per the Plaintiff's instructions on the FMLA Leave Elections Special Instructions For Using Leave, Exhibit B.

38. The foregoing conduct constitutes willful FMLA violations.

39. As a result of the Defendant's unlawful discrimination the Plaintiff has suffered damages as set forth herein.

## COUNT III
## ADA ACT- DISABILITY DISCRIMINATION

40. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

41. The foregoing conduct by the Defendant constitutes disability discrimination.

42. As a result of the Defendant's unlawful discrimination the Plaintiff has suffered damages as set forth herein.

## COUNT IV
## ADEA ACT OF 1967 - AGE DISCRIMINATION

43. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

44. The foregoing conduct by the Defendant age discrimination.

45. As a result of the Defendant's unlawful discrimination the Plaintiff has suffered

damages as set forth herein.

## COUNT V
## TITLE VII - RACE DISCRIMINATION / SEX DISCRIMINATION

46. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

47. The foregoing conduct by the Defendant constitutes race and sex discrimination.

48. As a result of the Defendant's unlawful discrimination the Plaintiff has suffered damages as set forth herein.

## COUNT VI
## 42 U.S.C. Section 1981
### Race Discrimination and Retaliation

49. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

50. At all times relevant herein, Plaintiff maintained or sought to maintain a contractual relationship with Defendant.

51. At all times relevant herein, Defendant acted by and through its agents, servants, and employees to intentionally discriminate against Plaintiff as a result of her race and thereby deny her the benefits of the contractual relationship she had entered or sought to enter into with Defendant by discriminating and retaliating against her.

52. As a result of Defendant's unlawful discrimination and retaliation, Plaintiff has suffered damages as set forth herein.

## COUNT VII
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS (NIED)

53. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

54. The foregoing conduct by the Defendant constitutes NIED emotional distress.

55. As a result of the Defendant's unlawful NIED the Plaintiff has suffered damages as set forth herein.

## COUNT VIII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)

56. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

57. The foregoing conduct by the Defendant constitutes IIED emotional harm.

58. As a result of the Defendant's unlawful IIED the Plaintiff has suffered damages as set forth herein.

## COUNT IX
## CONSTRUCTIVE TERMINATION

59. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

60. The foregoing conduct by the Defendant constitutes Constructive Termination.

61. As a result of the Defendant's unlawful Constructive Termination the Plaintiff has suffered damages as set forth herein.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that the Court enter judgment in her favor and against Defendant and that it enter an Order providing that:

A. Defendant is to be permanently enjoined from discriminating or retaliating against Plaintiff on any basis forbidden by applicable federal and state law;

B. Defendant is to promulgate and adhere to a policy prohibiting retaliation for

violating applicable federal and state law.

C.     Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for its illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promitions, reinstatement, and seniority.

D.     Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused by the actions and inactions of Defendant to the extent such damages are available as a matter of law;

E.     Plaintiff is to be awarded punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct and to deter it and/or other persons or entities fom engaging in such misconduct in the future;

F.     Plaintiff is to be accorded all such other legal and/or equitable relief as the Court deems just proper, and appropriate;

G. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorneys' fees as provided by applicable federal and state law;

H.     Any verdict in favor of Plaintiff is to be judicially molded to provide Plaintiff the maximum financial recovery in light of the damage caps set forth in federal employment discrimination statutes.

I.     That the Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein.

J.     Plaintiff is to receive trial by jury on all issues so triable pursuant to the Seventh Amendment to the United States Constitution and Fed.R.Civ.P.38.

Respecfully submitted.

*[signature: Paige Carey]*

Paige Carey, Pro Se
20 N. Bailey Rd., #72029
Thorndale, PA 19372
(610) 679-4660
paigemillerca@gmail.com

Dated:  October 26, 2021

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Paige Carey

**DEFENDANTS**
West Chester University

**(b)** County of Residence of First Listed Plaintiff: **CHESTER**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **CHESTER**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Paige Carey, Pro Se 20 N. Bailey Rd. #72029
Thorndale, PA 19372 (610) 679-4660

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 320 Assault, Libel & Slander | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 340 Marine / [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | [ ] 345 Marine Product Liability | | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | | **PERSONAL PROPERTY** / **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle / [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 862 Black Lung (923) | |
| | | [ ] 751 Family and Medical Leave Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [x] 442 Employment / [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / **Other:** | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | | [ ] 465 Other Immigration Actions | | |
| | [ ] 448 Education / [ ] 540 Mandamus & Other / [ ] 550 Civil Rights / [ ] 555 Prison Condition / [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT

Brief description of cause:
RACE, SEX, RETALIATION, AGE AND DISABILITY DISCRIMINATION

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: 
DOCKET NUMBER: 

DATE: 10/26/2021
SIGNATURE OF ATTORNEY OF RECORD
PAIGE CAREY *(signature)*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: **20 N. Bailey Rd., #72029, Thorndale, PA 19372**

Address of Defendant: **700 South High Street, West Chester PA 19383**

Place of Accident, Incident or Transaction: **SAME AS DEFENDANT**

---

**RELATED CASE, IF ANY:**

Case Number: **2:15-CV-05819**   Judge: **PAUL S. DIAMOND**   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **10/26/2021**    *(signature)*    Must sign here
*Attorney-at-Law / Pro Se Plaintiff*      *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A. Federal Question Cases:**
1. Indemnity Contract, Marine Contract, and All Other Contracts
2. FELA
3. Jones Act-Personal Injury
4. Antitrust
5. Patent
6. Labor-Management Relations
7. Civil Rights
8. Habeas Corpus
9. Securities Act(s) Cases
10. Social Security Review Cases
11. All other Federal Question Cases
    *(Please specify):* **Civil Rights, FMLA, FSLA**

**B. Diversity Jurisdiction Cases:**
1. Insurance Contract and Other Contracts
2. Airplane Personal Injury
3. Assault, Defamation
4. Marine Personal Injury
5. Motor Vehicle Personal Injury
6. Other Personal Injury *(Please specify):* _____
7. Products Liability
8. Products Liability – Asbestos
9. All other Diversity Cases
   *(Please specify):* _____

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, **Paige Carey, Pro Se**, counsel of record or pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: **10/26/2021**    *(signature)* (Sign here if applicable)    **Pro Se**
*Attorney-at-Law / Pro Se Plaintiff*      *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)