IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAIGE CAREY, : | |
|         Plaintiff, : | |
| : | |
| v. : | Civ. No. 21-4758 |
| : | |
| WEST CHESTER UNIVERSITY, : | |
|         Defendant. : | |

## O R D E R

*Pro se* Plaintiff Paige Carey, who is African-American, brings employment discrimination, retaliation, FMLA, ADA, ADEA, FLSA, and state tort claims against her former employer West Chester University. Defendant moves to dismiss her claims for immunity and failure to state a claim. I will grant the Motion.

### I.    BACKGROUND

Plaintiff's Complaint is very difficult to understand. She alleges that an unspecified portion of her unpaid leave was not replaced with paid leave in violation of FMLA. She further alleges that she was reassigned to a position that she was not trained for, performed deficiently, and was constructively terminated.

Her attached EEOC Complaint, which she incorporates by reference, is equally vague. Plaintiff there alleges that after filing a different EEOC Complaint in 2017, Defendant retaliated in various ways: by denying her a handicapped parking spot; by initiating "PDC/PDP" charges against her; by giving her "more rules and regulations to follow than any other employees"; and by changing her job duties without compensating her appropriately. (Doc. No. 1-1.) She alleges that these actions also constitute discrimination. See id. Plaintiff's complaint is almost completely devoid of any details, however. She does not explain why she required a handicapped parking

spot to treat her conditions—depression and anxiety. She further fails to describe what a "PDC/PDP" charge is, or what "rules and regulations" she was subjected to. Plaintiff seeks punitive and compensatory damages, unspecified injunctive relief, and "all such other legal and/or equitable relief as the Court deems just and proper."

## II.     LEGAL STANDARDS

Immunity under the Eleventh Amendment deprives the Court of subject matter jurisdiction and thus is appropriately raised in a 12(b)(1) motion. Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 694 n.2 (3d Cir. 1996); Fed. R. Civ. P. 12(b)(1). In a facial challenge to subject matter jurisdiction, I must "only consider the allegations of the complaint and the documents referenced therein and attached thereto, in the light most favorable to the plaintiff." Gould Electronics Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000).

To decide a 12(b)(6) Motion, I must conduct a two-part analysis. Fowler v. PMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). First, I must accept the plaintiff's factual allegations, and disregard legal conclusions or mere recitations of the elements. Id. I must then determine whether the facts alleged make out a "plausible" claim for relief. Id. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Accordingly, the burden is on the defendant to show that the plaintiff has failed to allege facts sufficiently detailed to "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008).

## III.    DISCUSSION

Plaintiff's Section 1981, FLSA, FMLA, ADEA, and ADA claims are barred by the

Eleventh Amendment.  As a member of Pennsylvania's State System of eductation, Defendant is entitled to Eleventh Amendment immunity.  See Skehan v. State Sys. Of Higher Educ., 815 F.2d 244, 249 (3d Cir. 1987); Seybert v. West Chester Univ., 83 F. Supp. 2d 547, 553 (E.D. Pa. 2000).  The Eleventh Amendment thus bars Plaintiff's Section 1981, FLSA, ADEA, FMLA, and ADA claims.  See Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989) (1983 claims cannot be brought against state); Alden v. Maine, 527 U.S. 706, 712 (1999) (FLSA does not abrogate Eleventh Amendment immunity); Kimel v. Florida Bd. Of Regents, 528 U.S. 62, 73 (2000) (ADEA does not abrogate Eleventh Amendment immunity); Chittister v. Dep't of Cmty. & Econ. Dev., 226 F.3d 223, 229 (3d Cir. 2000) (self-care provision of FMLA does not abrogate Eleventh Amendment immunity); Board of Trustees of Univ. Alabama v. Garrett, 531 U.S. 356, 368 (2001) (Title I ADA claims do not abrogate Eleventh Amendment immunity).  I will dismiss these claims with prejudice.

Plaintiff's state law tort claims are barred by sovereign immunity.  Pennsylvania has not waived its immunity for negligent infliction of emotional distress, intentional infliction of emotional distress, or constructive termination.  See Lombardo v. Pennsylvania, Dept. of Public Welfare, 540 F.3d 190, 194 (3d Cir. 2008); 1 Pa. C.S. § 2310.  I will dismiss these claims with prejudice.

Plaintiff's remaining claims for Title VII violations are inadequately pled.  At this stage, Plaintiff need not prove a prima facie case of discrimination.  Philips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008).  Plaintiff must, however, plead "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements."  Id.  Plaintiff has not done so.  To establish a prima facie case of discrimination, Plaintiff must show that "(1) she is a member of a protected class; (2) she was qualified for the position; (3) she suffered an adverse

employment action; and (4) the adverse employment action was made under circumstances that give rise to an inference of unlawful discrimination." Groeber v. Friedmand and Schuman, P.C., 555 F. App'x 133, 135 (3d Cir. 2014).  Plaintiff has alleged insufficient facts regarding the fourth element; she offers no facts that could raise an inference of unlawful discrimination.  Although she alleges she was subject to special procedures, her own exhibit to the Complaint states that these procedures were the result of her failure to follow employee guidelines regarding time and attendance.  (See Doc. No. 1-1 Ex. C.)  She alleges that she was not given a raise and that a white coworker was paid the "correct salary," but offers no details that would give rise to an inference that any alleged discrepancy was racially motivated.  (Doc. No. 1.)  I will thus dismiss Plaintiff's discrimination claim without prejudice.

To the extent Plaintiff intends to bring Title VII retaliation claims, they are also deficient. To state a claim for retaliation, Plaintiff must show: "(1) she engaged in conduct protected by Title VII; (2) the employer took adverse action against her; and (3) a causal link exists between her protected conduct and the employer's adverse action." Connelly v. Lane Const. Corp., 809 F.3d 780, 789 (3d Cir. 2016).  Plaintiff has pled protected conduct—her 2017 EEOC Complaint—and adverse action—Defendant's refusal to rehire her in 2020 after she returned from FML leave. (Doc. No. 1.)  She has not, however, alleged any facts that link her protected conduct and the adverse action.  I will dismiss Plaintiff's retaliation claim without prejudice.

*   *   *

**AND NOW** this 18th day of April, 2022, upon consideration of Defendant's Motion to Dismiss (Doc. No. 5) and Plaintiff's Response (Doc. No. 9) it is **hereby ORDERED** that the Motion is **GRANTED AS FOLLOWS**:

1. Count V is **DISMISSED without prejudice**.

2. All other Counts are **DISMISSED with prejudice.**

                                                                              **AND IT IS SO ORDERED.**

                                                              */s/ Paul S. Diamond*
                                                              Paul S. Diamond, J.